IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JADEN THOMAS, RYAN BRAVERMAN, KATIE DEDELOW, JAKE RAMSEY, ISABELLA BLACKFORD, MICHAEL DUKE, and LINDSAY FREEMAN, individuals, each on behalf of himself/herself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>THE TRUSTEES OF INDIANA UNIVERSITY,<br><br>　　　　　　Defendant. | Cause No. 1:18-cv-3305 |

## NOTICE OF REMOVAL

Defendant The Trustees of Indiana University ("Indiana University"),[1] by counsel, and pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby removes the action described below to this Court from the Circuit Court of Monroe County, Indiana. In support of removal, Indiana University states:

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

1.　On or about October 17, 2018, plaintiffs Jaden Thomas, Ryan Braverman, Katie Dedelow, Jake Ramsey, Isabella Blackford, Michael Duke, and Lindsay Freeman, on behalf of themselves and all others similarly situated ("Plaintiffs"), commenced this

---

[1] In the state court Complaint, Plaintiffs identified Defendant as "Indiana University, by and through its Board of Trustees." (Ex. 1, at Doc. B); however, The Trustees of Indiana University is the proper legal entity. Ind. Code § 21-27-4-2.

action in the Circuit Court of Monroe County, Indiana, by filing *Jaden Thomas, et al. v. Indiana University*, No. 53C01-1810-PL-002169, a putative class action complaint for damages, injunctive relief, and declaratory judgment ("Complaint," attached as Ex. 1, Doc. B.)

2. In the Complaint, Plaintiffs allege that mold has been detected in the McNutt and Foster Quad dormitories on Indiana University's Bloomington campus during the fall semester of the 2018 academic year. (*Id.* at ¶ 12.) Plaintiffs further allege that their dorm rooms have been contaminated with mold, which has "created a dangerous and toxic environment for Plaintiffs and members of the putative Class." (*Id.* at ¶ 16.)

3. The Complaint contains three counts. Count I alleges breach of contract. (*Id.* at ¶¶ 37–43.) Count II alleges breach of the implied warranty of inhabitability. (*Id.* at ¶¶ 44–50.) And Count III alleges a claim for declaratory judgment pursuant to Indiana's Uniform Declaratory Judgment Acts, Ind. Code § 34–14, *et seq.* (*Id.* at ¶¶ 51–54.)

4. The Circuit Court for Monroe County, Indiana, is located within the Southern District of Indiana, Indianapolis Division.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of the all process, pleadings, and orders filed in the Monroe County Circuit Court to date are attached as Exhibit 1.[2]

---

[2] Indiana University began its removal research and other preparations during the week of October 22, 2018. On the evening of October 25, 2018, while Indiana University was awaiting the execution of the Declaration of James Kennedy (Ex. 3), Plaintiffs filed their "Emergency

6.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are simultaneously being served upon Plaintiffs' counsel and filed with the appropriate state court clerk.

7.     A Civil Cover Sheet is attached as Exhibit 2.

## II.  TIMELINESS OF REMOVAL

8.     Plaintiffs' Complaint was filed on October 17, 2018. (Ex. 1, Doc. B, at 1.)

9.     Indiana University was served with the Complaint and Summons on October 18, 2018. (Ex. 1, Doc. C.)

10.    This Notice of Removal is timely, as it is filed within 30 days of the first receipt by Indiana University of a copy of the Complaint. *See* 28 U.S.C. § 1446(b).

## III.  GROUNDS FOR REMOVAL—CLASS ACTION FAIRNESS ACT

11.    This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d).

12.    Congress enacted CAFA to "decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy." S. Rep. No. 109–14, at 27 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3. For this reason, the Supreme Court has mandated that CAFA "should be read broadly, with a strong preference that

---

Motion to Shorten Length of Time to Respond to Discovery," and accompanying papers. (Ex. 1, Doc. D.) On the morning of October 26, 2018, while Indiana University was finalizing its Notice of Removal and Declaration, the Monroe County Circuit Court set the motion for hearing on October 31, 2018. (Ex. 1, Doc. F.) This Notice of Removal was filed shortly thereafter.

interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting S. Rep. No. 109–14, at 43); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006) ("[CAFA] is intended to expand substantially federal court jurisdiction over class actions.") (quoting S. Rep. No. 109–14, at 43).

13. As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) because: it is a purported class action in which at least one putative class member is a citizen of a state different from that of Indiana University; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and the purported class action is being brought on behalf of at least 100 putative class members. In addition, by virtue of its removal of the case to this Court, Indiana University expressly waives any immunity under the Eleventh Amendment, such that this Court is not foreclosed from issuing a judgment against it, if appropriate.

*Plaintiffs Have Filed a Putative Class Action*

14. This action is a "class action" within the meaning of CAFA, in that it is a civil action filed under a state rule of judicial procedure—*i.e.* Indiana Trial Rule 23—authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B). (Ex. 1, Doc. B, at 1 (indicating that each Plaintiff is suing "on behalf of himself/herself and all others similarly situated. . . .").)

*There Is Minimal Diversity of the Parties*

15. CAFA requires only minimal diversity of citizenship—"that is, just one party with citizenship different from all others." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006); *see also* 28 U.S.C. § 1332(d)(2)(A).

16. For purposes of federal diversity jurisdiction, citizenship is determined by one's domicile, which is defined by the Seventh Circuit as the place one indefinitely "intends to remain." *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

17. In the case of college students, who may be studying out of state, their citizenship is determined in reference to their permanent address or their parents' citizenship. *See Polychron v. Airgo, Inc.*, 985 F.2d 563, 1993 WL 24783, at *3 (7th Cir. 1993) ("As a student, Rodman retained the citizenship of his parents until he changed his domicile." (citing *Holmes v. Sopuch*, 639 F.2d 431, 433–34 (8th Cir. 1981)); *accord* 13 Wright and Miller, Fed. Prac. & Proc. Juris. § 3619 (3d ed.) ("Out-of-state students generally have been viewed as temporary residents who are located in the state where their school is located only for the duration and for the purpose of their studies.").

18. Four of the seven named Plaintiffs have permanent home addresses *outside* of Indiana: Jaden Thomas (Wixom, Michigan); Michael Duke (Demarest, New Jersey); Jacob Ramsey (Carol Stream, Illinois); and Ryan Braverman (Iowa City, Iowa). (Ex. 3, Declaration of James C. Kennedy, at ¶¶ 4–8.) As students from out of state studying in Indiana, these Plaintiffs are citizens of states *other than* Indiana for federal

diversity purposes. *See Polychron*, 1993 WL 24783, at *3.

19. The demographics of the putative class as a whole further indicates that the majority of putative class members are likewise citizens of states other than Indiana. According to registration records for students listed as residents in the two dorms identified in the Complaint, 53% of students living in those dorms have home addresses *outside* of Indiana. (Ex. 3, at ¶ 9.)

20. Indiana University is a body politic of the State of Indiana. *See* Ind. Code § 21–20–2–2. It is well-established that "for purposes of diversity of citizenship, political subdivisions are citizens of their respective States." *Moor v. Alameda Cty.*, 411 U.S. 693, 718 (1973) (quoting *Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972)). Indiana University is thus a citizen of the State of Indiana.

21. Because at least one putative class member is a citizen of a state other than Indiana, minimal diversity exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### *The Amount in Controversy Allegedly Exceeds $5 Million*

22. The alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

23. Pursuant to Indiana Trial Rule 8(A)(2), Plaintiffs were precluded from specifying a particular dollar value of their claimed damages. However, in a letter authored by Plaintiffs' counsel dated October 16, 2018, Plaintiffs specify that they "and the Class have suffered damages in excess of $5 million." (Ex. 4, at 4.)

24. "[A]llegations about the amount in controversy must be accepted unless it is impossible for the plaintiff to recover the jurisdictional minimum." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). Where Plaintiffs have indicated a belief that their damages will amount to more than $5,000,000, that allegation is sufficient to establish CAFA's amount-in-controversy threshold. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (noting that defendants may establish the jurisdictional threshold "by reference to the plaintiff's informal estimates or settlement demands (as in *Rising–Moore* [*v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006)]").

### *There Are At Least 100 Putative Class Members*

25. The Seventh Circuit has recently reiterated that for purposes of establishing CAFA jurisdiction, a removing defendant "may rely on the estimate of the class number set forth in the complaint." *Roppo*, 869 F.3d at 581.

26. Here, Plaintiffs' Complaint alleges that "the proposed Class contains hundreds or even thousands of students." (Ex. #1, Doc. B, at ¶ 29.) Subsection 1332(d)(5)(B)'s numerosity requirement is plainly satisfied.

### *Indiana University Affirmatively Waives Eleventh Amendment Immunity*

27. The Eleventh Amendment to the United States Constitution grants states immunity from suit in federal courts. *See* U.S. Const., Amend 11. As an agency of the

State of Indiana, Indiana University possesses Eleventh Amendment immunity. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 696–97 (7th Cir. 2007).

28. CAFA precludes the exercise of a federal court's jurisdiction over any class action in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C.A. § 1332(d)(5)(A) (emphasis added).

29. Subsection 1332(d)(5)(A) was purposely designed to:

> prevent states, state officials, or other governmental entities from dodging legitimate claims by removing class actions to federal court and then arguing that the federal courts are constitutionally prohibited from granting the requested relief.

S. Rep. 109–14, at 42.

30. This provision was also designed to balance CAFA's substantial expansion of federal jurisdiction over class actions, with the Eleventh Amendment protections held by state defendants. To that end, Congress explicitly advised that:

> Federal courts should proceed cautiously before declining federal jurisdiction under the subsection 1332(d)(5)(A) "state action" case exception, and do so only when it is clear that the primary defendants are indeed states, state officials, or other governmental entities against whom the "court may be foreclosed from ordering relief."

*Id.*

31. Eleventh Amendment immunity, however, may be waived. The Supreme Court held in 2002 that a state's voluntary participation in the removal of an action to

federal court waives Eleventh Amendment immunity. *Lapides v. Board of Regents*, 535 U.S. 613, 616 (2002).

32. Consistent with *Lapides*, by removing this action to this Court, Indiana University expressly acknowledges that it is waiving any claim of immunity under the Eleventh Amendment for purposes of this action. Therefore, it is "clear" this Court is not foreclosed, by operation of the Eleventh Amendment, "from ordering relief" against Indiana University, if ultimately warranted. *See* S. Rep. 109–14, at 42. Subsection 1332(d)(5)(A) does not preclude this Court's exercise of CAFA jurisdiction over this lawsuit.

WHEREFORE, defendant Indiana University removes this action for all purposes from the Circuit Court of Monroe County, Indiana, to the United States District Court for the Southern District of Indiana.

Dated: October 26, 2018                     Respectfully submitted,

                                                                      /s/ *Thomas A. Barnard*
Thomas A. Barnard (No. 4011-49)
Ann O'Connor McCready (No. 32836–53)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone:  317-713-3500
Facsimile:    317-713-3699
tbarnard@taftlaw.com
amccready@taftlaw.com

*Attorneys for Defendant The Trustees of Indiana University*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 26, 2018, the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, and was sent by first-class U.S. mail, postage prepaid and electronic mail to the following:

| | |
|---|---|
| Jon Noyes, Esq. | Jacob R. Cox, Esq. |
| WILSON KEHOE WININGHAM, LLC | COX LAW OFFICE |
| 2859 N. Meridian Street | 1606 N. Delaware Street |
| Indianapolis, Indiana 46208 | Indianapolis, Indiana 46202 |
| jnoyes@wkw.com | jcox@coxlaw.com |

*Counsel for the Plaintiffs*

　　　　　　　　　　　　　　　　　　　　　　/s/  Thomas A. Barnard