UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JADEN THOMAS, RYAN BRAVERMAN, | ) | |
| KATIE DEDELOW, JAKE RAMSEY, | ) | |
| ISABELLA BLACKFORD, MICHAEL | ) | |
| DUKE, and LINDSAY FREEMAN, | ) | |
| individuals, each on behalf of himself/herself | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO.  1:18-cv-03305-TWP-DML |
| | ) | |
| THE TRUSTEES OF INDIANA | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CASE MANAGEMENT PLAN**

I.      **Parties and Representatives**

A.      **Plaintiffs:** Jaden Thomas, Ryan Braverman, Katie Dedelow, Jake Ramsey, Isabella Blackford, Michael Duke and Lindsay Freeman, individually and on behalf of all similarly situated

**Defendant:**  The Trustees of Indiana University

B.      **Plaintiffs' Counsel:**  Jacob R. Cox, 1606 N. Delaware St., Indianapolis, IN 46202; T. 317.884.8550; F. 317.660.2453; jcox@coxlaw.com

**Plaintiffs' Counsel:**  Jonathon B. Noyes, William E. Winingham, 2859 N. Meridian St., Indianapolis, IN 46204; T. 317.920.6400; F. 317.920.6405; jnoyes@wkw.com; winingham@wkw.com

**Defendant's Counsel:**  Thomas A. Barnard, Ann O'Connor McCready, Scott R. Alexander, Frank J. Deveau, One Indiana Square, Ste. 3500, Indianapolis, IN 46204; T. 317.713.3500; F. 317.713.3699; tbarnard@taftlaw.com; amccready@taftlaw.com ; salexander@taftlaw.com; fdeveau@taftlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.      **Jurisdiction and Statement of Claims**

A.	It is Defendant's position that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

At this time, Plaintiffs cannot agree that this Court possesses subject matter jurisdiction under CAFA. It is Plaintiffs' position that if Defendant is unable to ascertain the members of Plaintiffs' class because of alleged failsafe elements within Plaintiffs' class definition, then Defendant is unable to meet its threshold obligations under CAFA of demonstrating that Plaintiffs' class exceeds 99 members and that at least $5,000,000.00 in is controversy. Plaintiffs' position is fully explained in their Reply in Support of their Motion for Remand [D.E. 46]. Defendant disagrees with Plaintiffs' position in this regard. Additionally, Plaintiffs have moved to remand this case to state court pursuant to the exception to CAFA set forth in § 1332(d)(3), and Defendant has opposed Plaintiffs' motion to remand, based on CAFA principles set forth in 28 U.S.C. § 1332(d)(3).

B.	Plaintiffs have brought a putative class action, on behalf of themselves and all individuals similarly situated, due to a mold infestation that has occurred at IU's dorms. Plaintiffs currently have raised claims for breach of contract, breach of the implied warranty of habitability, and a claim for declaratory judgment seeking to declare that Plaintiffs have the right to a safe, clean and habitable residence when living in IU's dorms and mold remediation must be conducted effectively and in accordance with industry standards. Plaintiffs have also served a tort claim notice on IU and anticipate adding tort claims after the notice period has expired or the claim has been denied.

C.	Defendant denies that Plaintiffs have articulated a proper basis for a class action in this case based on the allegations of mold exposure and injury at certain IU dorms, and it intends to file a motion to dismiss the claims asserted in the Complaint, which fail to state a claim for breach of contract, breach of the implied warranty of habitability, or declaratory judgment.


III.	**Pretrial Pleadings and Disclosures**

A.	The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 17, 2019**.

B.	Plaintiff(s) shall file preliminary witness and exhibit lists on or before **January 24, 2019**.

C.	Defendant(s) shall file preliminary witness and exhibit lists on or before **January 31, 2019**.

D.	All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 17, 2019**.

E.      Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **February 17, 2019**.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.      Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 17, 2019**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **November 17, 2019**.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **January 5, 2020**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **December 17, 2019**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.       Discovery of electronically stored information ("ESI").

        **The parties are completing the ESI Supplement, which will be filed with the Court.**

## IV. Deadlines Related to Class Certification

Plaintiffs believe that class certification deadlines are inappropriate at this time. Plaintiffs believe that it is appropriate to wait until (1) After the pleadings have closed and the Plaintiffs have the opportunity to amend their complaint and assert tort claims (including resolution of any motions to dismiss, which IU indicates that it intends to file); and (2) Defendant has completed its remediation of its dorms.

Defendant disagrees with Plaintiffs and proposes the following class certification deadlines:

A. Plaintiff(s) shall disclose the name, address, and vita of any class-related expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 28, 2019**.

B. Plaintiffs shall file their motion for class certification by **February 28, 2019**.

C. Expert discovery related to Plaintiffs' class-related experts shall be completed by **March 29, 2019**.

D. Defendant's response to Plaintiffs' motion for class certification shall be filed by **April 29, 2019**.

E. Defendant shall disclose the name, address, and vita of any class-related expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 29, 2019**.

F. Defendant shall file any Rule 702/Daubert motions as to Plaintiffs' class-related experts by **April 29, 2019**.

G. Expert discovery related to Defendant's class-related experts shall be completed by **May 29, 2019**.

H. Plaintiffs shall file it response to any Rule 702/Daubert motions as to Plaintiffs' class-related experts by **May 29, 2019.**

I. Plaintiffs' reply in support of their motion for class certification shall be filed by **May 29, 2019**.

J. Defendant shall file its reply in support of its Rule 702/Daubert motions as to Plaintiffs' class-related experts by **June 17, 2019**.

K. Plaintiffs shall file any Rule 702/Daubert motions as to Defendant's class-related experts by **June 28, 2019**.

L.       Defendant shall file its response to any Rule 702/Daubert motions as to Defendant's class-related experts by **July 29, 2019**.

M.       Plaintiffs shall file its reply in support of any Rule 702/Daubert motions as to Defendant's class-related experts by **August 12, 2019**.

## V.       Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.       Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

**Plaintiffs:**  Plaintiffs anticipate that summary judgment will be appropriate in favor of Plaintiffs on issues of liability including that IU breached the contract and implied warranty of habitability by providing rooms with moisture, water, and mold problems to IU's students.  IU has already admitted that thousands of students' experiences at IU were disrupted due to the mold problems and that the

---

[1]  The term "completed," as used in Section V.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

rooms provided to those students were not what was bargained for or expected by the students.

**Defendant:** As indicated, Defendant intends to file a motion to dismiss Plaintiffs' claims. To the extent that motion is unsuccessful and Plaintiffs' claims proceed, Defendant will have several bases for a motion for summary judgment, including at least the following: (1) Plaintiffs cannot establish a breach of contract claim as they cannot show either a breach or damages; (2) Plaintiffs cannot establish breach of the implied warranty of habitability as a matter of law; (3) Plaintiffs have not sought an appropriate claim for declaratory judgment and are not entitled to such judgment as a matter of law; and (4) Plaintiffs cannot establish either general or specific causation with respect to their alleged injuries.

B.    On or before that day that is 7 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

    __X__   Track 3: Dispositive motions are expected and shall be filed by **December 17, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 16, 2019**;expert witness discovery and discovery relating to damages shall be completed by **September 17, 2019**. All remaining discovery shall be completed by **October 17, 2019**.

As will be discussed in more detail with the Court, this case necessitates additional flexibility and warrants departure from the ordinary tracks due to the class issues involved.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## VI.    **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in December, 2019.**

**VII.  Trial Date**

The parties request a trial date in **April, 2020**.  The trial is by **jury** and is anticipated to take **10 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VIII.  Referral to Magistrate Judge**

 A. **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

 B. **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**IX.  Required Pre-Trial Preparation**

 A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

  2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

  3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

  4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.	brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.	if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.	Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.	Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.	**ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.	Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.	If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.	File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.	Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## X.    Other Matters

**Plaintiffs:**  Because IU has not yet completely resolved the mold problem at its dorms, it is unknown whether the discovery and summary judgment tracks are appropriate or will need to be extended to account for an inability to conduct complete discovery on all issues until after IU has finally resolved the mold problem at its dorms and the full extent and scope of the class and their damages can be determined. Plaintiffs have prepared this Case Management Plan in accordance with the Orders and requirements of the Court, but do not waive their right to continue to seek remand.

**Defendant:** Defendant agrees that this case management plan may need to be revisited, but does not agree with Plaintiffs' characterization of the alleged "mold problem." Defendant also notes that class certification issues will need to be included in the case management plan (as outlined in Section IV above).

Respectfully submitted,

/s/ Jacob R. Cox_____
Jacob R. Cox, Attorney No. 26321-49
**COX LAW OFFICE**
1606 N. Delaware Street
Indianapolis, Indiana 46202
T: 317.884.8550
F: 317.660.2453
jcox@coxlaw.com

/s/ Jon Noyes_____
Jon Noyes, Attorney No. 31444-49
William E. Winingham, Atty. No. 1309-49
**Wilson Kehoe Winingham LLC**
2859 N. Meridian Street
Indianapolis, Indiana 46204
T: 317.920.6400
F: 317.920.6405
jnoyes@wkw.com.com
winingham@wkw.com

*Attorney for Plaintiffs*

 /s/ *Thomas A. Barnard*_____
Thomas A. Barnard (Atty. No. 4011-49)
Ann O'Connor McCready (Atty. No.

32836–53)
Frank J. Deveau (Atty. No. 4692-49)
Scott R. Alexander (Atty. No. 16345-49)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
P: 317-713-3500
F: 317-713-3699
E: tbarnard@taftlaw.com
 amccready@taftlaw.com
 fdeveau@taftlaw.com
 salexander@taftlaw.com

***Attorneys for Defendant, The Trustees of Indiana University***

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____          _____
Date                                                        U. S. District Court
                                                                 Southern District of Indiana

23975313.1