# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JADEN THOMAS, RYAN BRAVERMAN, KATIE DEDELOW, JAKE RAMSEY, ISABELLA BLACKFORD, MICHAEL DUKE, and LINDSAY FREEMAN individuals, each on behalf of himself/herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE TRUSTEES OF INDIANA UNIVERSITY, <br><br> Defendant. | Case No. 1:18-cv-03305-TWP-DML |

## ORDER ON MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Emergency Motion for Extension of Temporary Restraining Order ("TRO") ([Filing No. 48](#)). The Plaintiffs seek an extension of the Court's TRO entered November 21, 2018 ([Filing No. 42](#)). Plaintiffs' Motion focuses on Defendant, the Trustees of Indiana University's ("IU") plans to inspect and then to remediate, if appropriate, rooms within the Teter dormitories over the winter break, though (as the Court understands it), the Plaintiffs' desire for relief is not limited to Teter. They view the Court's November 21, 2018 TRO as extending to any mold-remediation efforts that may take place with respect to any dorm room or dorm common area anywhere on the IU-Bloomington campus at any time before the Court rules on the preliminary injunction issues, after hearing, that will be presented to the Court in connection with the briefing schedule shown at [Filing No. 53](#).

IU, in contrast, views this case as limited to the McNutt and Foster dorms in which the named Plaintiffs live. IU reported to the Magistrate Judge during a conference held December 7, 2018, that all scheduled remediation efforts for student-occupied rooms in those two dorms have

been completed and, at this point, IU does not conduct inspections and perform further remediation activities at those dorms unless it receives an individual complaint by a student requesting an inspection. IU thus contends that the matters which led to the TRO—the scheduled remediation of McNutt and Foster—have been completed and there is no basis for ordering a temporal extension of the TRO. IU also asserts that the mold-sampling work the Plaintiffs want their expert(s) to continue to do would substantially interfere with IU's ability to conduct and complete the inspection/remediation work for the Teter dormitories over the winter break.

The Court has carefully considered the parties' briefing on the Plaintiffs' Motion for extension of the TRO, and **FINDS** and **ORDERS** as follows:

1. Because the scheduled inspection/remediation efforts with respect to the McNutt and Foster dorms have been completed, and further inspection/remediations are conducted only if a student makes a request for inspection, the TRO is deemed to have expired with respect to the McNutt and Foster dorms.

2. The Court will not require IU to coordinate with the Plaintiffs with respect to inspections and remediations that occur because of individualized requests for inspections made by students. This does not mean that IU should discontinue the work, as it has described to the Court, that it or its agents do engage in to document mold conditions and remediation. The Court also does not find, and its TRO did not find, that IU's remediation of mold without taking physical samples of mold and attempting to preserve physical samples of mold for testing, constitutes spoliation of evidence that would warrant an adverse evidentiary inference.

3. The TRO did permit the Plaintiffs to take physical samples of mold for testing. And, as the Court understands it, the Plaintiffs' expert did collect samples in numerous rooms within the McNutt and Foster dorms. The Court is not persuaded that the Plaintiffs are entitled to

take physical samples of mold in every room of every dorm where mold might be present anywhere on the IU Bloomington campus.

4. The Court will, however, permit the Plaintiffs to add to the number of samples they already have gathered. The Court finds it appropriate to permit the Plaintiffs to gather additional samples during the inspection/remediation scheduled over the winter break at the Teter dormitories.

5. The Court is concerned, however, with the prospect of the Plaintiffs' sampling work interfering with IU's ability to complete its inspection and remediation work at the Teter dormitories over the winter break. It is also concerned with the prospect of IU personnel interfering with the Plaintiffs' sampling work in a manner to unreasonably delay their ability to efficiently gather samples.

6. The Court will allow the Plaintiffs to use a team of experts to gather samples on a random basis at the Teter dormitories during the winter break inspection/remediation.

7. The Court also approves the protocol set forth by IU at [Filing No. 51-3](Filing No. 51-3) to govern the Plaintiffs' gathering of samples.

8. This Order does not require IU itself to gather or maintain mold samples.

9. The Plaintiffs' Emergency Motion for Extension of Temporary Restraining Order ([Filing No. 48](Filing No. 48)) is **DENIED**. Instead, the Court permits the Plaintiffs to gather mold samples during the Teter inspection/remediation as provided in this Order.

**SO ORDERED.**

Dated: 12/12/2018

*(signature)*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

3

**DISTRIBUTION**:

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.com

Jonathon Noyes
WILSON KEHOE & WININGHAM
JNoyes@wkw.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com

Scott R. Alexander
TAFT STETTINIUS & HOLLISTER LLP
salexander@taftlaw.com

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP
tbarnard@taftlaw.com

Frank J. Deveau
TAFT STETTINIUS & HOLLISTER LLP
fdeveau@taftlaw.com

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP
mmacchia@taftlaw.com

Ann O. McCready
TAFT STETTINIUS & HOLLISTER LLP
amccready@taftlaw.com